UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| NICHOLAS MILLER | * | CIVIL ACTION |
| VERSUS | * | NO. 22-215 |
| COX OPERATING, L.L.C. | * | SECTION "T" (2) |

## ORDER AND REASONS

Pending before me are Plaintiff Nicholas Miller's Second Motion for Sanctions and a Motion to Compel and for Attorneys' Fees.  ECF Nos. 129, 131.  Defendant Cox Operating, L.L.C. timely filed Opposition Memoranda.  ECF Nos. 132, 137.  Plaintiff sought leave and filed Reply Memoranda. ECF Nos. 133-35, 140-142.  Defendant sought leave and filed Surreply Memoranda.  ECF  Nos. 136, 138-39, 143-45.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel and for Attorney's Fees (ECF No. 131) is GRANTED.  A decision on Plaintiff's Second Motion for Sanctions (ECF No. 129) is DEFERRED pending review of Cox's affidavit as directed herein.

## I.    BACKGROUND

Plaintiff Nicholas Miller filed suit against Cox Operating, L.L.C. ("Cox") and other defendants under the Outer Continental Shelf Lands Act alleging that he sustained severe injuries while working as a welder aboard the South Timbalier 26-D platform when a storage locker fell on top of him during inclement weather.  ECF Nos. 1, 18, 34, 45, 71.  Plaintiff filed his first Motion to Compel on December 16, 2022, which the undersigned granted in part on January 11, 2023 after briefing and oral argument from both parties.  *See* ECF Nos. 69, 87.

On February 14, 2023, Plaintiff filed a Motion for Sanctions and to Enforce Discovery Order on the basis that Cox failed to provide all responses as ordered. ECF No. 98. On March 8, 2023, the court granted the enforcement motion, declining to order an electronic database search but granting Plaintiff's request for attorneys' fees and costs and allowing Plaintiff one additional 30(b)(6) deposition of Cox Operating, LLC with regard to Cox's efforts to locate and produce responsive documents only. ECF No. 118.

On March 29, 2023, Plaintiff filed a Second Motion for Sanctions, asserting that certain discovery responses remained outstanding despite the two Court Orders granting the discovery and sanctions. ECF No. 129. Plaintiff later, on April 6, 2023, filed a separate Motion to Compel Responses to his Amended and Second Sets of Requests for Production. ECF No. 131.

Cox opposes both motions. ECF Nos. 132, 137, 139, 143-45.

## II.    APPLICABLE LAW

### A. Duties in Responding to Requests for Production

Parties must provide full and complete responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered. FED. R. CIV. P.34(b)(2)(A). For each request, the respondent must either state that the inspection or production will be permitted or state with specificity the grounds for objecting to the request, including the reason. FED. R. CIV. P. 34(b)(2)(B). Answers and/or objections to requests for production must state in full the request for production immediately preceding each answer or objection. E.D. La. L.R. 34.1. If a party fails to produce documents, respond that inspection will be permitted, or permit inspection, the party seeking discovery may, on notice to other parties and certification that the parties participated in a Rule 37 conference in good faith, move for an order compelling an answer, designation, production, or inspection. FED. R. CIV. P. 37(a).

## B. Discovery Sanctions

Rule 37 expressly authorizes sanctions against a party for violation of a discovery order.[1]

Under Rule 37, the Court may issue an order:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).  In addition, Rule 37(b)(2)(C) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorneys' fees,[2] unless the failure was substantially justified or other circumstances make an award of expenses unjust."  FED. R. CIV. P. 37(b)(2)(C). Where a party fails to comply with multiple discovery orders, courts typically impose more severe sanctions, up to and including dismissal of claims or defenses.[3]

## III.   ANALYSIS

### A. Motion for Sanctions

In Plaintiff's Second Motion for Sanctions, he argues that Cox violated my March 8, 2023 Order by failing to properly supplement its responses, warranting further sanctions (attorneys' fees

---

[1] *See Bivins v. Miss. Reg'l Hous. Auth. VIII,* 770 F. App'x 241, 242 (5th Cir. 2020) (per curiam) (affirming dismissal of complaint pursuant to Rule 37(b) for failure to comply with discovery orders despite multiple opportunities to do so); *Sandoval v. Carrco Painting Contractors*, No. 16-00159, 2016 WL 8679288, at *1 (W.D. Tex. Nov. 16, 2016) (citing *Lyn-Lea Travel Corp. v. Am. Airlines, Inc..*, 283 F.3d 289, 290 (5th Cir. 2002)) (upholding civil contempt order imposed as sanction for violation of a protective order)).

[2] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted).

[3] *See, e.g., Worrell v. Houston Can! Acad.*, 424 F. App'x 330 (5th Cir. 2011) (per curiam) (finding no abuse of discretion where district court dismissed plaintiff's claims with prejudice based on her failure to comply with multiple court orders); *Bivins*, 770 F. App'x at 242.

and costs, an inspection of Cox's electronic database, and striking Cox's pleadings, defenses, and affirmative defenses). ECF No. 129-2 at 1. Cox opposes the motion, arguing that it has made every effort to comply with this Court's Order, it has produced documents required by the Court, and it continues to search for additional documents. ECF No. 132. Cox also attaches a copy of its April 11, 2023 Third Supplemental Responses to Plaintiff's Requests for Production, which responses list its purported supplemental production including "all e-mails relative to the incident," several Job Safety Analyses, and "the relevant insurance policy." ECF No. 132-1.

Plaintiff argues in Reply that Cox has failed to provide supplemental responses to several Requests for Production (i.e., Nos. 21, 22, 24, 26, 27, and 28) and neglected to provide full and complete responses to others (i.e., Nos. 1, 6, 7, 14, 15, 16, 19, 39, 40). *Id*. at 2-7, 9. Accordingly, he seeks more severe sanctions against Cox, asserting that monetary sanctions have not deterred its discovery abuses. *Id*. at 8-10. In Surreply, Cox again argues that it has made every effort to comply with this Court's Orders and attaches a Fourth Supplemental Response to Plaintiff's Requests for Production. ECF No. 139.

1. **Analysis**

Cox's Third and Fourth Supplemental Responses provide no clarity on its responses nor make clear which Requests for Production it contends have been satisfied. These responses, which contain lists of large and vague categories of documentation (e.g., "all e-mails relative to the incident") also fail to comply with Local Rule 34.1, which requires that answers and/or objections to requests for production state in full the request for production immediately preceding each answer or objection. In serving these responses, Cox mistakenly asks Plaintiff or the court to guess which documents are responsive to which requests for production. Moreover, Cox does not indicate whether it maintains any objections or whether it definitively has no responsive documents to the particular requests. Without a clear understanding of Cox's supplemental responses to each request at issue, the court

4

cannot assess Cox's compliance with the January 11, 2023 and March 8, 2023 Orders. Accordingly, Cox must serve complete responses to each specific request, which responses must clearly indicate whether, after performing its due diligence, Cox has either produced all responsive documents within its possession, custody or control or that, after diligent effort, has not located any responsive documents to the given request. The response must further indicate whether Cox maintains any objections, and if it maintains any privilege objection, it must affirmatively indicate whether any documents have been withheld on the basis of privilege (in which case Cox must also produce a privilege log).

Given the evident past failures to satisfy its discovery obligations, counsel of record for Cox is directed to prepare an affidavit detailing each step he has taken to comply with the Federal Rules and this Court's prior orders. The affidavit must include a list of each individual counsel interviewed in preparing Cox's discovery responses, which electronic devices and physical files were searched for responsive information, and what search terms and search engines were utilized in searching Cox's electronic database.

### B. Second Motion to Compel

Also before the court is Plaintiff's Motion to Compel Full and Complete Responses to his first amended and second sets of discovery, both of which were served on January 27, 2023, making responses due on February 27, 2023. *See* ECF Nos. 131-3 at 2, 131-4 at 3. By April 6, 2023, when Plaintiff filed this motion, Cox had still not answered. ECF No. 131. In fact, Cox's Response to Plaintiff's Amended Request for Production (which response contains only an objection to the scope of the request and a statement that Cox possesses no responsive documents for the six-month period preceding the accident) were not served until April 18, 2023, nearly a month after the extended deadline and on the same day Cox filed its Opposition to this Motion to Compel. *See* ECF Nos. 131-2 at 2, 137-1 at 2.

In total, the discovery requests at issue in this motion contain four requests for production. ECF No. 131-2 at 2, 131-3. Cox opposes the motion, asserting that it has now responded to the Amended Request for Production and that Plaintiff's Second Set of Requests for Production are redundant because they seek the same weather-related documents that Cox has already produced. For those reasons, Cox contends Plaintiff should not receive attorneys' fees for this motion. ECF No. 137.

In reply, Plaintiff asserts that Cox misquoted the reissued Request for Production No. 37 by omitting Plaintiff's limitation of the request to incidents in the South Timbalier field and "inappropriately limit[ing] its response in terms of time . . . and location." ECF No. 142. In response to Cox's assertion that Plaintiff's second set of discovery is redundant, Plaintiff maintains that Cox has provided *no response* to the requests and cannot avoid its obligation to respond by arguing redundancy in an opposition memorandum. *Id*. at 3. Plaintiff further articulates that his second set of Requests for Production is not duplicative as it seeks different information about construction operations and welding, burning and/or hot work policies and procedures. *Id*. Finally, Plaintiff reiterates his argument that attorneys' fees are appropriate in light of Cox's failure to comply with discovery obligations. *Id*. at 3-4.

Cox states in its Surreply that it "stands corrected" regarding the undersigned's ruling on the scope of Amended Request No. 37, but notes that the court limited the request to injuries in "substantially similar weather" on the date of the incident rather than "inclement weather." ECF No. 145 at 1-2. Addressing Plaintiff's second requests, Cox maintains that they are redundant and asserts that it has already produced all responsive documents regarding weather conditions. *Id*. at 2. Despite that, Cox supplemented its responses on April 25, 2023 and April 26, 2023. *See* ECF Nos. 145-1 at 2 and 145-2 at 2.

1. __Amended Request for Production No. 37__

   __REQUEST NO. 37:__ Please provide a complete copy of all documents (incident reports, accident reports, photographs, statements, corrective actions, etc.) regarding every incident, accident, and/or near-miss involving personnel struck by falling equipment in inclement weather on Cox facilities in the South Timbalier area in the Gulf of Mexico from April 13, 2018 to April 13, 2021.[4]

   __RESPONSE:__ This request asks for information outside the parameters of the Court's previous orders in that it asks for information for a three year period. The Court has already ruled that requests for such a period are overbroad and not proportional to the needs of the case. There were no incidents involving personnel being struck by falling equipment from October 13, 2020, to April 12, 2021, on Platform ST-26D.[5]

   __SUPPLEMENTAL RESPONSE:__ Cox stands corrected. Having the benefit of the transcript, which would have been helpful before plaintiff's Motion to Compel was filed, the request may ask for incidents during a three-year period. However, the request as made refers to, "inclement weather," which the Court did say was overbroad, and it required limiting the request to "substantially similar weather." There were no incidents involving personnel being struck by falling equipment in substantially the same weather for three years prior to April 13 , 2021, on Cox platforms in South Timbalier field.

As Plaintiff notes, his counsel withdrew Request No. 37 at the January 11, 2023 hearing with the intention to reissue it at a later time under the parameters established at the hearing—incidents involving personnel injured in substantially similar weather to the weather on April 13, 2021 due to falling machinery or equipment for the three years before the incident in the South Timbalier area. ECF No. 142-1 at 4-7. Plaintiff then issued the amended request on January 27, 2023.[6] Although Cox's initial response failed to accurately state amended Request No. 37 and unilaterally limited its response to six-months and only for the ST-26D platform,[7] Cox acknowledges its error in the supplemental response and confirms that no such incidents occurred. While Cox's supplemental response now satisfies Request No. 37, given the court's concerns with Cox's diligence in attempting

---

[4] ECF No. 131-3 at 1.
[5] ECF No. 137-1 at 1.
[6] ECF No. 131-3 at 2.
[7] ECF No. 137-1 at 1.

to locate responsive information, counsel must detail the efforts undertaken to arrive at the conclusion that no such incidents occurred.

### 2. Second Set of Requests for Production

Cox violated Rule 34 by completely failing to respond to Plaintiff's second set of production requests until April 25, 2023, nearly three months after the discovery was served and only one day before Plaintiff's Motion to Compel was taken under submission. *See* ECF No. 145-1 at 2. Further, the responses do not indicate whether Cox maintains any objections to the requests, or whether it has withheld any documents on the basis of privilege.

Even if Cox believes the requests are redundant, the rules require that Cox timely submit responses containing specific objections to each individual request. After such objection is lodged, and upon proper motion, the court, not the parties, may determine whether a request must be answered or if it is instead needlessly duplicative. To the extent Cox contends that it has previously produced responsive documents, Cox must identify by bates number or, if not available, the date and manner of delivery of the documents it contends respond to the request. Cox must serve supplemental responses, that are full and complete, to these requests within twenty-one (21) days of the entry of this Order.

## IV.    CONCLUSION

There is simply no excuse for Cox's continued insufficient, incomplete and untimely discovery responses. The Federal Rules of Civil Procedure and the Local Rules of this Court are not mere suggestions, and Cox is advised that strict compliance with same is expected. Cox is hereby advised that further failure to comply with the Federal Rules and this Court's Orders may result in more severe sanctions, including but not limited to prohibiting it from supporting or opposing

designated claims or defenses, prohibiting it from introducing certain matters in evidence, and/or striking pleadings in whole or in part.

Plaintiff's request for attorneys' fees and costs in connection with its second Motion to Compel is appropriate. Plaintiff's request for attorneys' fees and costs associated with filing its Motion for Sanctions is DEFERRED until the Court's resolution on that motion after receipt of Cox's affidavit as required herein. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel and for Attorneys' Fees (ECF No. 131) is GRANTED and Cox is ORDERED to provide full and complete responses to the discovery requests as set forth within twenty-one (21) days of the entry of this Order. Plaintiff is directed to file a separate motion to fix fees and costs, supported by appropriate contemporaneous time records and evidence of reasonable hourly rates.

IT IS FURTHER ORDERED that Cox file its Affidavit of Counsel detailing its discovery efforts as directed above, no later than Monday, May 22, 2023. This Court's ruling on Plaintiff's Second Motion for Sanctions (ECF No. 129) is DEFERRED pending review of Cox's Affidavit of Counsel.

New Orleans, Louisiana, this ___27th___ day of April, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE