UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NICHOLAS MILLER | CIVIL ACTION |
| VERSUS | NUMBER 6:23-CV-00566 |
| COX OPERATING, L.L.C., ET AL | JUDGE JOSEPH |
| | MAGISTRATE WHITEHURST |

FIFTH SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff, NICHOLAS MILLER, a person of full age of majority domiciled in LaSalle Parish, Louisiana, who desires to amend and/or supplement his prior Complaints with respect to the captioned matter to read as follows:

I.

This court has subject matter jurisdiction pursuant to 43 USC 1331 (Outer Continental Shelf Lands Act) because the subject accident occurred on a fixed platform on the Outer Continental Shelf in the Gulf of Mexico.

II.

Venue is proper in this district pursuant to 28 USC 1391 as the defendants are subject to personal jurisdiction in the Western District of Louisiana.

III.

Made defendants are:

A.     COX OPERATING, L.L.C., a foreign limited liability company authorized to do and doing business in the Western District of Louisiana, who may be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

B.   CROSBY ENERGY SERVICES, INC., a domestic corporation authorized to do and doing business in the Western District of Louisiana, who may be served through its registered agent for service of process,  Charles R. Crosby, Sr., 14573 Highway 3235, Cut Off, LA 70345.

C.   THE QUALITY COMPANIES LLC, a domestic corporation authorized to do and doing business in the Western District of Louisiana, who may be served through its registered agent for service of process, John Nunnally, 425 Griffin Rd., Youngsville, LA 70592.

D.   CACTUS WELLHEAD, LLC, a foreign limited liability company authorized to do and doing business in the Western District of Louisiana, who may be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

E.   INDUSTRIAL & OILFIELD SERVICES, INC., a domestic corporation authorized to do and doing business in the Western District of Louisiana, who may be served through its registered agent for service of process, Earl Anthony Edwards, Jr., 110 E. Edwards St., Erath, LA 70533.

F.   ERMINE "SONNY" MILLER, a person of the full age of majority domiciled in Lafayette Parish, Louisiana, who may be served at 115 Greenwood Dr., Lafayette, LA 70506.

G.   GULF SOUTH SERVICES, INC., a domestic corporation authorized to do and doing business in the Western District of Louisiana, whose principal place of business is located at 280 Ford Industrial Rd., Morgan City, LA 70380.

H.   CERTAIN UNDERWRITERS AT LLOYDS, LONDON SUBSCRIBING TO POLICY B0702GL3036710, a foreign insurer authorized to do and doing business in the Western District of Louisiana;

I.   CERTAIN UNDERWRITERS AT LLOYDS, LONDON SUBSCRIBING TO POLICY B0702GL3036700, a foreign insurer authorized to do and doing business in the Western District of Louisiana.

IV.

At all times mentioned hereinafter, defendants, CERTAIN UNDERWRITERS AT

LLOYDS, LONDON SUBSCRIBING TO POLICY B0702GL3036710 and CERTAIN

UNDERWRITERS AT LLOYDS, LONDON SUBSCRIBING TO POLICY B0702GL3036700,

had in full force and effect policies of insurance providing coverage to defendant, COX

OPERATING, L.L.C., with respect to the April 13, 2021 incident that is the subject of this litigation.

V.

On or about April 13, 2021, plaintiff, NICHOLAS MILLER, was working as a welder/fitter for Ace Investments, LLC aboard South Timbalier 26-D, a fixed platform owned and operated by defendant, COX OPERATING, L.L.C., located on the Outer Continental Shelf in the Gulf of Mexico off the coast of Louisiana.

VI.

On or about April 13, 2021, plaintiff, NICHOLAS MILLER, was severely injured when a storage locker fell on top of him during inclement weather.

VII.

Defendant, COX OPERATING, L.L.C., owned, controlled, and/or maintained garde of the storage locker that fell and injured the plaintiff, NICHOLAS MILLER.

VIII.

Defendant, CROSBY ENERGY SERVICES, INC., provided production operators, supervisors and/or personnel aboard the platform who, amongst other things, participated in the coordination, planning and/or supervision of the work being performed at the time of the incident.

IX.

Defendant, THE QUALITY COMPANIES LLC, provided production operators, supervisors and/or personnel aboard the platform who, amongst other things, participated in the coordination, planning and/or supervision of the work being performed at the time of the incident.

X.

Defendant, CACTUS WELLHEAD, LLC, provided operators, consultants, supervisors and/or personnel aboard the platform who, amongst other things, participated in the coordination, planning and/or supervision of the work being performed at the time of the incident.

XI.

Defendant, INDUSTRIAL & OILFIELD SERVICES, INC., provided consultants, supervisors and/or personnel aboard the platform who, amongst other things, participated in the coordination, planning and/or supervision of the work being performed at the time of the incident.

XII.

Defendant, ERMINE "SONNY" MILLER, was working in the course and scope of his employment for defendant, INDUSTRIAL & OILFIELD SERVICES, INC., as a contract construction foreman and/or consultant responsible for the coordination, planning and/or supervision of the work being performed at the time of the incident.

XIII.

Defendant, GULF SOUTH SERVICES, INC., provided consultants, supervisors and/or personnel aboard the platform who, amongst other things, participated in the coordination, planning and/or supervision of the work being performed at the time of the incident.

4

XIV.

As a result of the above incident, plaintiff, NICHOLAS MILLER, sustained severe and permanently disabling injuries, including but not limited to injuries to his neck, low back and bilateral hips, requiring surgery.

XV.

Plaintiff, NICHOLAS MILLER, was not negligent in the accident.

XVI.

Said accident, resulting in injuries and damages to plaintiff, NICHOLAS MILLER, was a direct and proximate result of the negligence of defendant, COX OPERATING, L.L.C., its employees, agents and/or other persons for whom it is responsible, in the following non-exclusive particulars:

a.  Failing to properly secure the storage locker to the platform;

b.  Having knowledge of the propensity for inclement weather, yet failing to assure the storage locker was properly secured to the platform;

c.  Failing to warn those on the platform of the fact the storage locker was not secured to the platform;

d.  Failing to timely evacuate NICHOLAS MILLER and others on the platform to a safe area considering the approach of severe inclement weather;

e.  Improper/inadequate equipment;

f.  Failure to provide a safe place to work;

g.  Negligent training;

h.  Negligent planning;

i.  Negligent supervision;

j.  Negligent maintenance;

k.  Creating and/or permitting the existence of unreasonably dangerous conditions upon its fixed platform;

l.  Violation of state and federal safety rules and regulations;

m.  Violation of company rules and regulations created for the safety of individuals working on its fixed platforms;

n.  Any other acts of negligence which may be revealed at or before the trial of this matter.

XVII.

Said accident, resulting in injuries and damages to plaintiff, NICHOLAS MILLER, was a direct and proximate result of the negligence of defendant, CROSBY ENERGY SERVICES, INC., its employees, agents and/or other persons for whom it is responsible, in the following non-exclusive particulars:

a.  Failing to properly secure the storage locker to the platform;

b.  Having knowledge of the propensity for inclement weather, yet failing to assure the storage locker was properly secured to the platform;

c.  Failing to warn those on the platform of the fact the storage locker was not secured to the platform;

d.  Failing to timely evacuate NICHOLAS MILLER and others on the platform to a safe area considering the approach of severe inclement weather;

e.  Improper/inadequate equipment;

f.  Failure to provide a safe place to work;

g.  Negligent training;

h.  Negligent planning;

i.  Negligent supervision;

j.  Negligent maintenance;

k.  Creating and/or permitting the existence of unreasonably dangerous conditions upon the fixed platform;

l.  Violation of state and federal safety rules and regulations;

m.  Violation of company rules and regulations created for the safety of individuals working on its fixed platforms;

n.  Any other acts of negligence which may be revealed at or before the trial of this matter.

XVIII.

Said accident, resulting in injuries and damages to plaintiff, NICHOLAS MILLER, was a direct and proximate result of the negligence of defendant, THE QUALITY COMPANIES LLC, its employees, agents and/or other persons for whom it is responsible, in the following non-exclusive particulars:

a.  Failing to properly secure the storage locker to the platform;

b.  Having knowledge of the propensity for inclement weather, yet failing to assure the storage locker was properly secured to the platform;

c.  Failing to warn those on the platform of the fact the storage locker was not secured to the platform;

d.  Failing to timely evacuate NICHOLAS MILLER and others on the platform to a safe area considering the approach of severe inclement weather;

e.  Improper/inadequate equipment;

f.  Failure to provide a safe place to work;

g.  Negligent training;

h.  Negligent planning;

i.  Negligent supervision;

j.  Negligent maintenance;

k.  Creating and/or permitting the existence of unreasonably dangerous conditions upon the fixed platform;

l.  Violation of state and federal safety rules and regulations;

m.  Violation of company rules and regulations created for the safety of individuals working on its fixed platforms;

7

n.  Any other acts of negligence which may be revealed at or before the trial of this matter.

XIX.

Said accident, resulting in injuries and damages to plaintiff, NICHOLAS MILLER, was a direct and proximate result of the negligence of defendant, CACTUS WELLHEAD, LLC, its employees, agents and/or other persons for whom it is responsible, in the following non-exclusive particulars:

a.  Failing to properly secure the storage locker to the platform;

b.  Having knowledge of the propensity for inclement weather, yet failing to assure the storage locker was properly secured to the platform;

c.  Failing to warn those on the platform of the fact the storage locker was not secured to the platform;

d.  Failing to timely evacuate NICHOLAS MILLER and others on the platform to a safe area considering the approach of severe inclement weather;

e.  Improper/inadequate equipment;

f.  Failure to provide a safe place to work;

g.  Negligent training;

h.  Negligent planning;

i.  Negligent supervision;

j.  Negligent maintenance;

k.  Creating and/or permitting the existence of unreasonably dangerous conditions upon the fixed platform;

l.  Violation of state and federal safety rules and regulations;

m.  Violation of company rules and regulations created for the safety of individuals working on its fixed platforms;

n.  Any other acts of negligence which may be revealed at or before the trial of this matter.

XX.

Said accident, resulting in injuries and damages to plaintiff, NICHOLAS MILLER, was a direct and proximate result of the negligence of defendant, INDUSTRIAL & OILFIELD SERVICES, INC., its employees, agents and/or other persons for whom it is responsible, in the following non-exclusive particulars:

a. Failing to properly secure the storage locker to the platform;

b. Having knowledge of the propensity for inclement weather, yet failing to assure the storage locker was properly secured to the platform;

c. Failing to warn those on the platform of the fact the storage locker was not secured to the platform;

d. Failing to timely evacuate NICHOLAS MILLER and others on the platform to a safe area considering the approach of severe inclement weather;

e. Improper/inadequate equipment;

f. Failure to provide a safe place to work;

g. Negligent training;

h. Negligent planning;

i. Negligent supervision;

j. Negligent maintenance;

k. Creating and/or permitting the existence of unreasonably dangerous conditions upon the fixed platform;

l. Violation of state and federal safety rules and regulations;

m. Violation of company rules and regulations created for the safety of individuals working on its fixed platforms;

n. Any other acts of negligence which may be revealed at or before the trial of this matter.

XXI.

Said accident, resulting in injuries and damages to plaintiff, NICHOLAS MILLER, was a direct and proximate result of the negligence of defendant, ERMINE "SONNY" MILLER, in the following non-exclusive particulars:

a.  Failing to properly secure the storage locker to the platform;

b.  Having knowledge of the propensity for inclement weather, yet failing to assure the storage locker was properly secured to the platform;

c.  Failing to warn those on the platform of the fact the storage locker was not secured to the platform;

d.  Failing to timely evacuate NICHOLAS MILLER and others on the platform to a safe area considering the approach of severe inclement weather;

e.  Improper/inadequate equipment;

f.  Failure to provide a safe place to work;

g.  Negligent training;

h.  Negligent planning;

i.  Negligent supervision;

j.  Negligent maintenance;

k.  Creating and/or permitting the existence of unreasonably dangerous conditions upon the fixed platform;

l.  Violation of state and federal safety rules and regulations;

m.  Violation of company rules and regulations created for the safety of individuals working on its fixed platforms;

n.  Any other acts of negligence which may be revealed at or before the trial of this matter.

XXII.

Said accident, resulting in injuries and damages to plaintiff, NICHOLAS MILLER, was a direct and proximate result of the negligence of defendant, GULF SOUTH SERVICES, INC., in the following non-exclusive particulars:

a.    Failing to properly secure the storage locker to the platform;

b.    Having knowledge of the propensity for inclement weather, yet failing to assure the storage locker was properly secured to the platform;

c.    Failing to warn those on the platform of the fact the storage locker was not secured to the platform;

d.    Failing to timely evacuate NICHOLAS MILLER and others on the platform to a safe area considering the approach of severe inclement weather;

e.    Improper/inadequate equipment;

f.    Failure to provide a safe place to work;

g.    Negligent training;

h.    Negligent planning;

i.    Negligent supervision;

j.    Negligent maintenance;

k.    Creating and/or permitting the existence of unreasonably dangerous conditions upon the fixed platform;

l.    Violation of state and federal safety rules and regulations;

m.    Violation of company rules and regulations created for the safety of individuals working on its fixed platforms;

n.    Any other acts of negligence which may be revealed at or before the trial of this matter.

XXIII.

As a result of the April 13, 2021 accident and resulting injuries, plaintiff, NICHOLAS MILLER, sustained the following damages:

a.  Physical pain and suffering (past and future);

b.  Mental pain and suffering (past and future);

c.  Loss of income and earning capacity (past and future);

d.  Medical bills (past and future);

e.  Loss of enjoyment of life (past and future); and

f.  Physical disability.

<u>JURY DEMAND</u>

Plaintiff, NICHOLAS MILLER, prays for a trial by jury on all issues raised herein.

WHEREFORE, all premises considered, plaintiff, NICHOLAS MILLER, prays that this Fifth Supplemental and Amending Petition be filed and that defendants, COX OPERATING, L.L.C., CROSBY ENERGY SERVICES, INC., THE QUALITY COMPANIES LLC, CACTUS WELLHEAD, LLC, INDUSTRIAL & OILFIELD SERVICES, INC., ERMINE "SONNY" MILLER, GULF SOUTH SERVICES, INC., CERTAIN UNDERWRITERS AT LLOYDS, LONDON SUBSCRIBING TO POLICY B0702GL3036710 and CERTAIN UNDERWRITERS AT LLOYDS, LONDON SUBSCRIBING TO POLICY B0702GL3036700, be duly served with a copy of this Petition, cited to appear and answer same and, that after legal delays and due proceedings had, including trial by jury, there be a judgment in favor of plaintiff, NICHOLAS MILLER, and against defendants, COX OPERATING, L.L.C., CROSBY ENERGY SERVICES, INC., THE QUALITY COMPANIES LLC, CACTUS WELLHEAD, LLC, INDUSTRIAL & OILFIELD SERVICES, INC., ERMINE "SONNY" MILLER, GULF SOUTH SERVICES, INC., and CERTAIN UNDERWRITERS AT LLOYDS, LONDON SUBSCRIBING TO POLICY B0702GL3036710 and CERTAIN UNDERWRITERS

AT LLOYDS, LONDON SUBSCRIBING TO POLICY B0702GL3036700, in an amount reasonable in the premises, together with legal interest from date of judicial demand, and for all costs of these proceedings.  Plaintiff further prays for all general and equitable relief.

Respectfully submitted:

ANDERSON BLANDA & SALTZMAN


_____s/Nick Blanda_____
NICHOLAS A. BLANDA (#29093)
Attorney for Plaintiff
P. O. Box 82008
Lafayette, LA  70598-2008
(337) 233-3366 – phone
(337) 233-3163 – fax
nick@andersonblanda.com


BRIAN CAUBARREAUX & ASSOCIATES


_____s/Gene Ledet_____
BRIAN M. CAUBARREAUX (#21522)
brian@caubarreaux.com
EUGENE A. LEDET, JR, (19681)
genel@caubarreaux.com
2204 MacArthur Drive
Alexandria, Louisiana 71301
Telephone: (318) 442-0900
Facsimile: (318) 483-9991
*Attorneys for Plaintiff*

SERVICE INFORMATION

COX OPERATING, L.L.C.,
Through its counsel of record via CM/ECF

CROSBY ENERGY SERVICES, INC.
Through its counsel of record via CM/ECF

THE QUALITY COMPANIES LLC
Through its counsel of record via CM/ECF

CACTUS WELLHEAD, LLC
Through its counsel of record via CM/ECF

INDUSTRIAL & OILFIELD SERVICES, INC.
Through its counsel of record via CM/ECF

ERMINE "SONNY" MILLER
Through his counsel of record via CM/ECF

GULF SOUTH SERVICES, INC.
Through its counsel of record via CM/ECF

CERTAIN UNDERWRITERS AT LLOYDS, LONDON
SUBSCRIBING TO POLICY B0702GL3036710
Through its registered agent

CERTAIN UNDERWRITERS AT LLOYDS, LONDON
SUBSCRIBING TO POLICY B0702GL3036700
Through its registered agent

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 28, 2024, a copy of the foregoing was electronically filed using the CM/ECF system.  Notice of same will be sent to all counsel of record via e-mail by operation of the court's electronic filing system.

<u>                    s/Nick Blanda                    </u>
NICHOLAS A. BLANDA